UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ADRIAN L. CURTIS, | ) | CASE NO. 4:14 CV 2795 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| R. HANSON, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

Petitioner *pro se* Adrian L. Curtis brings this *in forma pauperis* habeas corpus petition, filed pursuant to 28 U.S.C. § 2241.  Petitioner is an inmate at the Federal Satellite Low at Elkton (FSL Elkton).  He alleges that FSL Elkton staff unjustifiably applied a "greatest public safety factor" in determining his custody classification.  Petitioner believes the fact he was allowed pretrial bond was not properly considered in classifying him.  He complains that his current classification hinders him from applying for social furloughs or work programs that would assist his rehabilitation.

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).

Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held in violation of the Constitution or laws or treaties of the United States." *Rice v. White*, 660 F.3d 242, 249 (6th Cir.2011) (internal quotation marks omitted).

Because petitioner is appearing *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel . *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir.2001). However, this court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775(1987); *see also, Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.1970) (district courts have a duty to "screen out" petitions lacking merit on their face under 28 U.S.C. § 2243).

Petitioner has no constitutional right to any particular security classification, and no constitutional right to participate in any prison rehabilitation programs. *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976). The BOP's classification procedure functions solely within the discretion of the Attorney General, as delegated to the Director of the BOP. *See* 18 U.S.C. § 4081; 28 C.F.R. § 0.96; *Peck v. Hoff*, 660 F.2d 371, 373 (8th Cir.1981). Therefore, prisoners who assert any right to a certain security classification do not state a constitutional claim. *Moody*, 429 U.S. at 97. Congress has given federal prison officials "full discretion" to control the conditions of confinement, and prisoners have no legitimate constitutional entitlement to invoke due process claims based on security classification. *Id*. at 88, n. 9.

Accordingly, the request to proceed *in forma pauperis* is granted, and this case is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3),

that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.


Dated: May 29, 2015                                    *s/      James S. Gwin*
                                                         JAMES S. GWIN
                                                         UNITED STATES DISTRICT JUDGE